UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMISON D. HARVEY (#707640), Plaintiff | CIVIL ACTION NO. 1:17-CV-754-P |
| VERSUS | CHIEF JUDGE DRELL |
| PAT JOHNSON, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Jamison D. Harvey ("Harvey") (#707640). Harvey has been granted leave to proceed *in forma pauperis*. (Doc. 10). Harvey is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at Caldwell Correctional Center ("CCC") in Grayson, Louisiana. Harvey names as defendants Warden Pat Johnson, Detective Murphy, Captain Campbell, Warden Chris Frederick, Asst. Warden Orlan Davidson, Ouachita Correctional Center ("OCC"), LaSalle Correctional Center ("LCC"), and the DOC. Harvey complains of the violation of the Prison Rape Elimination Act ("PREA"), unanswered grievances, the improper search and seizure of property, and cruel and unusual punishment.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.     Background

Harvey alleges that, while incarcerated at Ouachita Correctional Center, he was sexually assaulted by two pretrial detainees. (Doc. 1, p. 5). He wrote to the warden requesting a criminal investigation. (Doc. 1, p. 5). Harvey was transferred to LCC, where he met with Detective Murphy and Captain Campbell regarding the assault. (Doc. 1, p. 5). The officers discounted Harvey's claim. (Doc. 1, pp. 5-6). Harvey sent an administrative grievance to the Department of Corrections, but he received no response. (Doc. 1, p. 6).

Harvey complains that he did not receive his personal property until the day after he arrived at LCC, and his property was searched out of his presence. (Doc. 1, p. 6). When Harvey received his property, 10 stamped envelopes and two pens were missing. (Doc. 1, p. 6). Warden Davidson replaced the stamped envelopes and one of the pens. (Doc. 1, p. 6). Harvey complains that the second time he was transferred to LCC, a pencil sharpener and book were missing from his property. (Doc. 1, p. 7).

Harvey alleges that he received threats of violence and "sexual advances" from other inmates at LCC. (Doc. 1, pp. 6-7).

Harvey claims the warden at LCC occasionally turns off the phones during daytime hours as a punishment. (Doc. 1, p. 7). On one specific day, Harvey was unable to call his lawyer at the designated time because the phones were off. (Doc. 1, p. 7).

II.    <u>Law and Analysis</u>

    A.    <u>Harvey's claim is subject to screening under §§ 1915(e)(2) and 1915A</u>.

Harvey is a prisoner who has been allowed to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Harvey's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Harvey's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." <u>Id.</u> at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

    B.    <u>The PREA does not create a private cause of action.</u>

The PREA was enacted in an effort to reduce the occurrence of rapes in prisons by developing and implementing national standards and "increas[ing] the accountability of prison officials who fail to detect, prevent, reduce, and punish prison rape." 42 U.S.C. §§ 15602, 15605. However, the PREA does not create a private cause

3

of action or a federal right enforceable in a § 1983 action. See Krieg v. Steele, 599 Fed. Appx. 231, 232-33 (5th Cir. 2015). Thus, Harvey cannot state a claim under the PREA.

To the extent that Harvey complains his assailants were not criminally prosecuted, his claim fails. There is no constitutional right to have a person criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys. The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys. See La. Code Crim. Proc. arts. 61 and 62.

### C. Harvey has no right to have his grievances resolved.

To the extent that Harvey alleges a constitutional violation based on the DOC's failure to respond to his grievance, his claim fails. An inmate has no constitutional right to a grievance procedure and no liberty interest in having a grievance resolved to his satisfaction. See Geiger v. Jowers, 404 F.3d 371, 374–75 (5th Cir. 2005).

### D. Harvey cannot state a claim for missing property.

Harvey complains that 10 stamped envelopes, two pens, one pencil sharpener, and a book were lost during his two transfers to LCC. (Doc. 1, pp. 6-7). Warden Davidson replaced the stamped envelopes and one of the pens. (Doc. 1, p. 6).

The Due Process Clause of the Fourteenth Amendment provides: "[N]or shall any State deprive any person of . . . property, without due process of law." U.S.

Const. amend. XIV. However, the random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U.S. 527, 544 (1981); Hudson v. Palmer, 468 U.S. 517 (1984). Even in instances where an intentional deprivation occurs, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. Hudson, 468 U.S. at 532.

Louisiana law provides Harvey with an adequate remedy for negligent or intentional actions by prison officials that caused Harvey's property loss. See Marshall v. Norwood, 741 F.2d 761, 763 (5th Cir. 1984) (citing Brewer v. Blackwell, 692 F.2d 387, 394 (5th Cir. 1982)); McCrae v. Hankins, 720 F.2d 863, 869 (5th Cir. 1983). Thus, Harvey's § 1983 claim regarding lost property should be dismissed.

### E. Harvey cannot state a constitutional claim for threats.

Harvey alleges that he received threats of violence and "sexual advances" from other inmates at LCC. (Doc. 1, pp. 6-7). However, Harvey does not allege that Defendants failed to protect him from any harm. Verbal threats, without more, do not support a claimed constitutional violation. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983).

### F. Harvey cannot state a claim for lack of telephone privileges.

Harvey alleges that the LCC warden occasionally turns off the phones during daytime hours as a punishment. (Doc. 1, p. 7). On one specific day, Harvey was unable to call his lawyer at the designated time because the phones were off. (Doc. 1, p. 7). In general, prison officials have broad discretion to administer conditions of

confinement, and the federal courts will not interfere with legitimate prison administration in the absence of a constitutional violation. See Bell v. Wolfish, 441 U.S. 520, 547–48 (1979); Smith v. Bingham, 914 F.2d 740, 742 (5th Cir. 1990).

Prisoners have "'no right to unlimited telephone use.' Instead, a prisoner's right to telephone access is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'" Washington v. Reno, 35 F.3d 1093, 1100 (6th Cir. 1994) (quoting Benzel v. Grammar, 869 F.2d 1105, 1108 (8th Cir. 1982)); Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986). It is well-established that lawful incarceration results in the necessary limitation of many privileges and rights of the ordinary citizen. See Pell v. Procunier, 417 U.S. 817, 822 (1974). Assuming that Harvey has a constitutional right to some telephone access, he has not alleged the violation of that right. Harvey's claim that, on one occasion, he was unable to contact his attorney at the scheduled time does not present an unreasonable restriction on his use of the telephone.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Harvey's complaint be DENIED and DISMISSED with prejudice pursuant to §§ 1915(e)(2) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as

supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 11th day of December, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge